## 47815. FLEXIBLE PRODUCTS COMPANY v. LAVIN et al.

EBERHARDT, Presiding Judge. Paul Lavin and Joe Zambito, d/b/a Cosmo Commercial Body Builders, brought suit against Flexible Products Company alleging breach of warranty with respect to polyurethane compounds purchased from defendant by plaintiff for use in insulation of truck bodies. Defendant counterclaimed on open account for materials, services, etc. Verdict and judgment were in plaintiff's favor, and defendant appeals. *Held:*

1. Defendant complains that the trial court, in charging the jury that parol evidence is admissible to prove a new and distinct subsequent agreement or modification of an original agreement (Code § 38-507), failed to define the term "parol" in layman's terms, thereby causing the jury to be confused and unable to apply the charge to the evidence in the case. However, assuming that the jury did not know that parol evidence meant oral evidence, and that the court erred in failing, without request, to define the term, the error was harmful to plaintiff and not to defendant. Plaintiff relied upon parol evidence to show subsequent separate and distinct warranties and promises made by defendant, while defendant relied upon written disclaimers of warranty upon the backs of the invoices. If the jury did not know what parol evidence was, they would not have known to consider the subsequent oral promises and warranties of defendant, leaving defendant's written disclaimer of warranty controlling. Since the error, if any, was not harmful to defendant-appellant, no cause for reversal is shown. Code Ann. § 81A-161; *Brown v. City of Atlanta,* 66 Ga. 71, 76; *Bateman v. Bateman,* 224 Ga. 20, 21 (159 SE2d 387); *Irwin v. Arrendale,* 117 Ga. App. 1 (16) (159 SE2d 719); *Rush v. Southern Property Management,* 121 Ga.

App. 360 (2a) (173 SE2d 744).

2. Defendant complains that the trial court instructed the jury on only two forms of verdict, one for the plaintiff for "blank dollars," and one for the defendant for "blank dollars," but did not instruct the jury that they might find in favor of defendant without awarding it a sum of money. However, the record shows otherwise, as the court instructed the jury that "if you reach the conclusion that the plaintiff is not entitled to recover from the defendant in any sum and that the defendant is not entitled to recover from the plaintiff in any sum, that would be the end of your deliberations and you would return a verdict in favor of the defendant, period."

3. Enumeration of error number 1 is not supported by argument or citation of authority and is deemed abandoned. Rule 18 (c) (2), this court; *Howard v. State Highway Dept.,* 117 Ga. App. 280, 283 (160 SE2d 204). Accord: *Varnadoe v. Housing Authority &c. of Doerun,* 21 Ga. 467, 468 (1) (145 SE2d 493); *Abrams v. State,* 223 Ga. 216 (6) (154 SE2d 443).

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

SUBMITTED JANUARY 12, 1973— DECIDED FEBRUARY 5, 1973.

*Custer, Smith & Manning, John R. Manning, Lawrence B. Custer,* for appellant.

*Ingram, Flournoy, Downey & Cleveland, R. Kelly Raulerson,* for appellees.