## 50094. BUNDY v. DILLARD.

MARSHALL, Judge.

Bundy filed a complaint against Dillard alleging breach of contract and fraud in that Dillard failed to assume and make payments on a tractor that Bundy allegedly sold Dillard. Dillard denied ever agreeing to purchase the tractor and that he accepted possession of it only for the purpose of trying it out, that while in his possession, the tractor broke down and required repairs costing $469 for which Dillard counterclaimed.

The case was tried before a jury. At the conclusion of the evidence, Bundy moved for a directed verdict on Dillard's counterclaim for several reasons: that Dillard's witness who testified as to the amount of repairs and the reasonableness thereof was not qualified to render such opinions and his testimony should be stricken; that a repair bill showing the cost of repairs was inadmissible

because it was not shown to be a business record and instead was shown to have been prepared only for use as evidence in the pending trial and that the repair bill should be excluded from evidence; that because neither the testimony of the witness nor the repair bill was admissible, Dillard had failed to prove his counterclaim and same should not be submitted to the jury.

The trial judge denied the motion and submitted both Bundy's claim and Dillard's counterclaim to the jury. The jury returned this verdict: "We the jury find for the defendant Dillard that he pay for the repairs to the truck and the plaintiff Bundy assume the payments for the truck in full." The trial judge entered judgment on the verdict, stating by way of explanation that the jury verdict meant ". . . that Defendant Dillard shall not recover on his repair bill and Plaintiff Bundy shall not recover on his complaint." Bundy filed timely notice of appeal. *Held:*

Bundy enumerates five errors, all of which deal with Dillard's counterclaim, and the lack of evidentiary support therefor. Bundy contends that as a result of these errors the judge refused to take Dillard's counterclaim away from the jury, leading to confusion of the jurors and diverting their attention from the real issue in the case, to wit: Bundy's claim that there was a contract of sale between Bundy and Dillard and that Dillard breached it.

Even if the trial judge did err in admitting certain of Dillard's evidence relating to his counterclaim, the error is harmless because the jury returned a verdict in favor of Bundy on the counterclaim. We see no error in the judge refusing to direct a verdict in favor of Bundy when the jury returned a verdict in favor of Bundy. Furthermore, the jurors' attention was not diverted from Bundy's claim since their verdict clearly decided that claim against him. Since none of the errors enumerated are concerned with verdict adverse to the appealing party, we must conclude that the errors committed, if any, were harmless. See e. g. *Martin v. Hendon,* 224 Ga. 221 (3) (160 SE2d 893); *Flexible Products Co. v. Lavin,* 128 Ga. App. 80 (1) (195 SE2d 677).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

Argued January 7, 1975 — Decided February 20, 1975.

*Gilbert & Hill, Fred A. Gilbert,* for appellant.
*Robert K. Ballew, Roger E. Bradley,* for appellee.