## 50438. DAVIS v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of burglary and sentenced. *Held:*

1. Defendant complains that the court's refusal to excuse a juror for cause deprived him of a fair and impartial panel from which to strike. During voir dire and apparently in response to the statutorily required question as to impartiality (Code § 59-806 (3)), a juror expressed doubts that he could be impartial because the case concerned an alleged burglary of a home under construction and as a home builder he had suffered a considerable monetary loss during the year from burglaries of new homes. On questioning by the court the juror affirmatively stated that if it were not proved beyond a reasonable doubt that the defendant was guilty, he would acquit him. The court then declined to excuse

the juror for cause. The above response elicited from the juror reflected that his purported bias or prejudice was not so fixed that it would not yield to the evidence and that he would vote in accordance with the evidence as required by law. His responses do not reflect an inability to sit as an impartial juror and the court did not err in its ruling. *Williams v. State,* 177 Ga. 391, 411 (170 SE 281). See also *Polk v. State,* 148 Ga. 34 (95 SE 988); *Thomas v. State,* 144 Ga. 298 (2) (87 SE 8); *Anderson v. State,* 14 Ga. 709 (5).

2. Defendant enumerates that the trial court erred by improperly restricting his counsel's remarks with respect to his age in both the opening statement and closing argument. The matter of the defendant's age was not material as to any issue in the case. There was no error.

3. Defendant urges that the trial court erred in admitting incriminating oral and written statements because of involuntariness. Prior to introduction of the statements the trial judge conducted a hearing out of presence of the jury at which both sides introduced conflicting evidence. Following that hearing the court made a finding as to voluntariness and permitted the issue to go to the jury. The evidence authorized a finding that the statements were freely and voluntarily given. *Callahan v. State,* 229 Ga. 737 (4) (194 SE2d 431).

4. Defendant contends that the court erred in charging the law of conspiracy when the defendant was accused only of burglary. There is evidence that the defendant drove five unknown boys to a housing development where he waited while they broke into a house, removed property and placed it in the bed of the pick-up truck where it was seen by a neighbor. The defendant later drove the others to another location where they took the stolen property from the truck and paid the defendant. Under Section 26-801 (b) (3) of our Criminal Code the defendant was a party to a crime as an aider and abettor. While this Code section does not use the word "conspiracy" it embodies that theory insofar as it renders one not directly involved as a principal. *Scott v. State,* 229 Ga. 541, 544 (192 SE2d 367); *McKenzie v. State,* 231 Ga. 513 (202 SE2d 417).

5. The evidence authorizes the conviction of

burglary.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED APRIL 7, 1975 — DECIDED MAY 8, 1975.

*James H. Fort,* for appellant.
*E. Mullins Whisnant, District Attorney, William J. Smith, Assistant District Attorney,* for appellee.