## 52442. MAYO v. THE STATE.

McMURRAY, Judge.

Defendant was indicted for the offense of aggravated assault with a deadly weapon, a knife. He was sentenced to serve five years, one year in prison and the remaining four years on probation. Motion for new trial was filed and denied. Defendant appeals. *Held:*

1. During the concluding argument counsel for defendant sought to apprise the jury of the sentence that could be imposed upon a conviction. Thereupon the court refused to allow counsel to argue punishment, holding that it was improper to do so. Defendant moved for a mistrial, which was denied. Defendant argues that he was not given a fair and impartial trial and that the trial was incomplete in that the trial judge refused to allow counsel to argue any facet of the punishment. Defendant cites no law for the position he has taken. Criminal trials are conducted in a bifurcated or two-step procedure. See *Smokes v. State,* 136 Ga. App. 8 (220 SE2d 39); *Moss v. State,* 136 Ga. App. 241 (220 SE2d 761). The first phase determines guilt or innocence and the second phase, upon return of a guilty verdict, determines the sentence to be imposed as required by Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357). It is error to instruct the jury as to a possible sentence in a felony case before the jury has determined the question of guilt or innocence. *Ford v. State,* 232 Ga. 511, 518 (14) (207 SE2d 494); *Moore v. State,* 228 Ga. 662, 665 (5) (187 SE2d 277); *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583). There is no merit in this complaint.

2. The evidence being in conflict as to the circumstances surrounding the cutting of the victim, as to self-defense and justification; and there being sufficient facts for the jury to determine that the defendant intended to commit the injury with the knife, the evidence was sufficient to support the verdict. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131); *Allen v. State,* 137 Ga. App. 21 (1) (222 SE2d 856); *Crews v. State,* 133 Ga. App. 764 (3) (213 SE2d 34).

3. The remaining grounds of the motion for new trial, as amended, are argued together. Defendant's counsel merely states that certain charges are set forth

therein, and exceptions were made as to certain refusals to charge the jury. The requested charge as to an attempt to commit the crime has no merit, inasmuch as all of the evidence shows that the victim was cut with the knife, and the defendant contended that he was justified because he was scared of what the victim might do to him. See *Rolland v. State,* 235 Ga. 808, 810 (221 SE2d 582). There is no merit in this complaint.

Defendant also contends there was no effort on the part of the court to charge on mutual combat. The evidence did not disclose a mutual intent to fight at any time, and the totality of the evidence merely created an issue for the jury to determine whether there was a completed stabbing, aggravated assault, or no crime at all, that is, the defendant being justified by his action which he contends was in self-defense.

4. All other enumerations of error are deemed abandoned by reason of lack of argument or for violation of Rule 18 (c) (Code Ann. § 24-3618) as to structure and content. *Flexible Products Co. v. Lavin,* 128 Ga. App. 80, 81 (195 SE2d 677); *O'Kelley v. Hayes,* 132 Ga. App. 134 (207 SE2d 641).

*Judgment affirmed. Marshall and Smith, JJ., concur.*

SUBMITTED JULY 7, 1976 — DECIDED SEPTEMBER 9, 1976.

*G. Hughel Harrison,* for appellant.
*William Bryant Huff, District Attorney, Robert A. Barnaby, II, Assistant District Attorney,* for appellee.