## 54447. TODD v. THE STATE.

BIRDSONG, Judge.

The appellant Todd brings her appeal from a conviction of theft by taking and a sentence of eighteen months.

This case arose out of an incident involving appellant Todd and a female companion, Dessie X. Woods. Woods and Todd were hitchhiking from Reidsville, Georgia, to Atlanta and were picked up by one Horne. It is uncontested that Woods shot Horne twice in the head with his own pistol and took Horne's money. That money was placed in appellant Todd's purse where it was recovered. Co-defendant Woods was convicted of manslaughter and armed robbery and sentenced to serve twelve years. Both defendants initially were charged with murder and armed robbery. This appeal involves Todd alone. She enumerates three errors dealing with the denial of a motion to sever, the refusal to grant a challenge to the special prosecutor, and a challenge against a prospective juror (who was ultimately stricken with a peremptory challenge). *Held:*

1. During the voir dire, one juror stated he did not believe it was proper or justifiable for a person to take a life in protection of his own. He stated that this was his personal opinion and he did not foresee anything that would change that opinion. However, the witness also stated he could and would set that opinion aside and be governed by the charge of the court so that if the law stated that one could be justified under proper circumstances in taking life, he, the juror, would follow that principle.

The answers of the juror during the extensive voir dire demonstrated that his personal opinion would not impede his ability to be impartial, to consider the issues based on the evidence and to make fair decisions. As such, he was a qualified juror. *Williams v. State,* 177 Ga. 391, 411 (4) (170 SE 281) (1933). See also *Clemon v. State,* 218 Ga. 755, 758 (130 SE2d 745) (1963); *Morgan v. State,* 211 Ga. 172, 175 (84 SE2d 365) (1954); *Hill v. Hospital Authority,* 137 Ga. App. 633, 636 (224 SE2d 739) (1976); *Davis v. State,* 134 Ga. App. 750 (1) (216 SE2d 348) (1975).

The trial court did not err in refusing to sustain the challenge for cause against the juror.

2. Appellant moved to sever her trial from that of Dessie Woods. She asserts that in a pre-trial affidavit, Woods promised to testify in Todd's behalf if there were separate trials. At their joint trial, Ms. Woods invoked her right to silence. It is Todd's position that she was, thereby, denied her right to present all her evidence and to call a key and available witness in her defense. In addition, statements by both defendants were offered and considered by the jurors, but with appropriate limiting instructions. Todd complains, however, that Woods' statement tended to exonerate her, and the trial court in effect denied her of a vital part of her defense by thus limiting the statements only to the person making them. See Bruton v. United States, 391 U. S. 123 (1968).

Though these arguments are ingenious, the transcript clearly shows that the exact same evidence was utilized by the state as to both defendants. That the jurors apparently believed the statements of both Woods and Todd is manifested by the fact that the jurors convicted Todd of only theft by taking, a conclusion which was consistent with the money being found in her purse and a fact never denied by Todd. There is no Bruton violation when the testimony presented in the co-defendant's confession is supported by the complaining defendant's own confession. *Gamarra v. State,* 142 Ga. App. 196, 197 (2) (235 SE2d 652) (1977). Moreover, since the grant or denial of a motion to sever is left to the sound discretion of the trial court, its ruling will be overturned only for an abuse of discretion. *Mathis v. State,* 231 Ga. 401 (202 SE2d 73) (1973); *Grant v. State,* 131 Ga. App. 759 (206 SE2d 709) (1974). The burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. Tillman v. United States, 406 F2d 930 (5th Cir. 1969). There must be a clear showing of prejudice and a consequent denial of due process. Smith v. United States, 385 F2d 34 (5th Cir. 1967); Milam v. United States, 322 F2d 104 (5th Cir. 1963), cert. den., 377 U. S. 911 (1964). *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975).

Some of the considerations for the court in exercising

its discretion have emerged from the cases considering motions to sever: (1) Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? (2) Is there danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? (3) Are the defenses of the defendants antagonistic to each other or to each other's rights? See *Cain,* supra, p. 129; People v. Maestas, 517 P2d 461 (Colo. 1973). Under the facts it can hardly be said that the defenses were antagonistic since Woods' testimony complemented and supported that of Todd. There were only two defendants, their evidence was the same, and theories of defense were compatible. Though Todd was not able to call Woods as a witness or cross examine her, Woods' testimony was, in fact, supportive of Todd's story, and, even if Woods had testified at a separate trial, it does not appear that Todd would have obtained a more favorable verdict. In order for Todd to show reversible error in the denial of the motion to sever, she had to show harm. Brown v. United States, 375 F2d 310, cert. den., 388 U. S. 915 (1967). In the case at bar, Todd has not shown any prejudice to her case which might have been avoided by the severing of the trials. *Moore v. State,* 129 Ga. App. 612 (1) (200 SE2d 320) (1974). See also *Cain v. State,* supra; *Merrill v. State,* 130 Ga. App. 745, 748 (2) (204 SE2d 632) (1974). Appellant, having failed to show prejudice to her substantial rights, has likewise failed to show any lack of due process in the denial of her motion to sever. This enumeration is without merit.

3. In the third enumeration of error, appellant complains that the trial court erred in refusing to disqualify the special prosecutor. In this regard, the evidence shows that in this multiple county jurisdiction, the state's prosecutor was seriously overloaded in his cases pending disposition. The family of the deceased victim retained a local attorney to assist the prosecutor and paid the special prosecutor a substantial fee. The defendants moved to disqualify the special prosecutor upon ethical grounds as well as the legal ground that the special prosecutor could not serve two masters; i.e., the state and the family of the decedent. During the progress of the trial, it was apparent that the district attorney was

present at all sessions of the trial and controlled the proceedings. The special prosecutor maintained at the hearing on the motion for disqualification that his only ultimate obligation was to the state and that he could and would take no action that was not considered and approved by the district attorney. A review of the record shows that all counsel for the state respected those lines of command and responsibility. We will not assume, without a specific showing (which was not made here), that employed counsel exceeded the bounds of the limited authority conferred upon him by the district attorney and recognized by the trial court. It is an established legal procedure in this state to allow the family to retain at personal expense a special prosecutor, provided such counsel is no more than an assistant to the district attorney and does not exceed the authority conferred upon him as an assistant. See *Jackson v. State,* 156 Ga. 842, 849 (7) (120 SE 535) (1923); *Mach v. State,* 109 Ga. App. 154, 158 (c) (135 SE2d 467) (1964). See also *Ferguson v. State,* 219 Ga. 33, 34 (2) (131 SE2d 538) (1963); *Hannah v. State,* 212 Ga. 313 (92 SE2d 89) (1956); *Vernon v. State,* 146 Ga. 709 (92 SE 76) (1917); *Nichols v. State,* 17 Ga. App. 593 (87 SE 817) (1916). This enumeration likewise is without merit.

4. There being no error brought to our attention in this voluminous record of trial which warrants a new trial, the judgment will be affirmed.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 7, 1977 — DECIDED OCTOBER 5, 1977 — REHEARING DENIED OCTOBER 21, 1977 —

*Millard C. Farmer, Jr.,* for appellant.
*Phillip R. West, District Attorney,* for appellee.