## 55423. LLOYD v. THE STATE.

McMurray, Judge.

Defendant was indicted for the offense of statutory rape. He was tried, convicted and sentenced to serve a term of 20 years. A motion for new trial was filed and amended and after a hearing, denied. Defendant appeals. *Held:*

1. When the case was called the rule of sequestration was invoked. At that time the district attorney stated, "the State would ask that Mr. James L. Baker be excluded from the rule of sequestration. I state in my place that he is the officer that handled the primary investigation in this case and the State does need him for the purpose of an orderly presentation of the evidence in this case and for the further purpose of aiding the State in the interrogation of the witnesses as they are presented." The trial court allowed Baker, an agent of the Georgia Bureau of Investigation, to remain in the courtroom as an exception to the rule of sequestration. Baker was one of the witnesses listed by the state on the indictment. The case then proceeded to trial without any further mention of when Baker would testify. After the state had called seven witnesses Baker was then called and defendant objected on the grounds that if Baker was to testify he should have testified first. Code § 38-1703 provides for sequestration of witnesses, and its enforcement has long been vested in the discretion of the trial court. No request was made at the time Baker was allowed to remain in the courtroom to assist the state in the prosecution that he be required to testify first. The case is similar to that of *McNeal v. State,* 228 Ga. 633 (4), 636 (187 SE2d 271). The court did not abuse its discretion in allowing the witness to testify when he was finally called as a witness and only then did the defendant raise the issue as to allowing him to testify. The trial court had no authority to exclude his testimony.

2. The only other enumeration of error is that the trial court erred in denying the defendant's amended motion for new trial. Examination of the amended motion for new trial discloses that it involves six alleged errors, three of which are considered general grounds and the

sixth ground is based upon the same error as that considered in Division 1 above as to the admissibility of the testimony of Baker. As to the other two grounds of the motion for new trial as well as the general grounds, we find no argument or citation of authority in defendant's brief. *Flexible Products Co. v. Lavin,* 128 Ga. App. 80, 81 (3) (195 SE2d 677). Accordingly, the last enumeration of error is deemed to be abandoned. Suffice it to say the evidence was sufficient to support the verdict of guilty.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED MARCH 6, 1978 — DECIDED JUNE 15, 1978 — REHEARING DENIED JULY 10, 1978.

*King, Phipps & Associates, C. B. King, Herbert E. Phipps, Carl A. Bryant, Henry E. Williams,* for appellant.

*D. E. Turk, District Attorney, Gary C. Christy, Assistant District Attorney,* for appellee.