## 55997. WILLIAMS v. THE STATE.

McMURRAY, Judge.

Defendant was indicted separately along with another for the offenses of rape and burglary occurring on the same day. He was convicted as to both offenses, and sentenced to serve 10 years on the burglary conviction to run consecutively to certain sentences the defendant was then serving; and 20 years on the rape charge to run concurrently with the sentence imposed on the burglary conviction but to run consecutively with the other sentences he was then serving. A motion for new trial was filed and denied, and defendant appeals. *Held:*

1. Defendant's first enumeration of error is that the court erred in refusing to sustain his objection to evidence, or to grant his motion for mistrial, or to instruct the jury to disregard the evidence by a police officer regarding his testimony in obtaining names and photographs from undisclosed sources which were shown to the victim for identification purposes.

The in-court identification of the defendant by the victim and her identification of the photograph of the defendant to the police detective from the numerous photographs (mug books, etc.) presented to her was in no way violative of the defendant's due process rights. See Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401). See also *Sherwin v. State,* 234 Ga. 592 (216 SE2d 810); *Dodd v. State,* 236 Ga. 572, 574 (224 SE2d 408); *Bradshaw v. State,* 145 Ga. App. 664. Nor was there any objection to the photograph when it was offered in evidence.

As a part of this enumeration of error counsel for the defendant also argues that the testimony in regard to the photographs was shown to have prejudicial influence on the jury by reason of the request made by the foreman of the jury during deliberation as to the information leading to the arrest of the defendant and also as to how the police arrived at its identification after the victim saw the pictures. The trial court properly answered the foreman's question by instructing him and the jury as follows: "I'm not allowed to comment on that, even if I knew. I'm not sure I know . . . but you have to take the case on the basis of

the evidence that you have before you, and there's no way we can reopen it again and put that in, even if we wanted to, because the case is over. I can't comment on that." As to the other question asked by the foreman as to whether or not there was any evidence connecting the stolen items directly to the defendant, the court also properly instructed the foreman and the jury: "Well, that's what you'll have to remember from the evidence," and that under the law as far as burglary is concerned the state has to prove not all of the stolen articles but any of them or any part were taken from the house by the defendant "or that he was a party to the taking of these items." As to the curiosity of the jury as to the police procedure with reference to how they arrived at the identification after the victim saw the photographs, the trial court properly instructed the jury: "I can't comment on that." See *Young v. State,* 131 Ga. App. 553, 555-556 (6) (206 SE2d 536). See also *Sanford v. State,* 129 Ga. App. 337 (3) (199 SE2d 560).

2. In the discussion with the jury noted above, the trial court did not err in repeating its instruction on the definition of burglary without request for such instruction by the jury. It is the duty of the court to clarify a confused area by further charging the jury when called upon to do so by the jury. *Burrell v. State,* 140 Ga. App. 900, 903-904 (5) (232 SE2d 172). The foreman's questions clearly indicated some uncertainty about the previous instruction on the law of burglary, and this recharge as to the definition thereof cannot be said to be repetitious and not necessary.

3. During the voir dire examination of prospective jurors one of them replied to a question by defense counsel that his home had been burglarized and that it could have an unconscious influence on him, but that he would not consciously be affected by it. Whereupon the court denied the motion to disqualify the juror for cause. We find no error here. See *Davis v. State,* 134 Ga. App. 750 (1) (216 SE2d 348); *Todd v. State,* 143 Ga. App. 619 (1) (239 SE2d 188). Furthermore, the trial transcript does not show that the defendant exhausted his peremptory strikes, and if defendant did not use all his strikes no harm would be shown and error cannot be said to exist. *Evans v. State,*

222 Ga. 392, 401-402 (150 SE2d 240); *Faulkner v. State,* 166 Ga. 645 (6) (144 SE 193); *Wilson v. State,* 69 Ga. 224, 240 (6).

4. Counsel for the defendant has not argued the enumerations of error by correlating same in numerical order; however, we have considered every error argued in defendant's brief, and if there be other enumerations of error cited by the defendant which have not been considered above, they are deemed to be abandoned because no citation of authority or argument is offered. See Rule 18 (c) (Code Ann. § 24-3618); *Brooks v. State,* 141 Ga. App. 725, 730 (2) (234 SE2d 541).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED JUNE 8, 1978 — DECIDED JULY 3, 1978.

*Ashman & Zipperer, Alexander L. Zipperer, III,* for appellant.

*Andrew J. Ryan, III, District Attorney, Joseph D. Newman, Robert M. Hitch, III, Assistant District Attorneys,* for appellee.