## 56740. BETHAY v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of two counts of armed robbery. *Held:*

1. The state called one of the defendant's coindictees as a witness. This witness earlier had entered a plea of guilty to the robbery. After admitting driving from Valdosta to Thomasville, the scene of the crime, on the day of the robbery, and being acquainted with defendant, this witness had a lapse of memory and testified that he remembered nothing else on the day of the crime. The

trial court permitted the state over objection to lead and cross examine the witness. This examination included references to a prior statement allegedly made by this witness to a GBI Agent. The witness denied any knowledge of making any statement to the GBI. The trial court then charged the jury that the references to the prior statement could be considered only in weighing the credibility of the witness and not as to the proof of facts which are contained in the statement. There was no error in allowing the state to examine the witness in this manner as the state under these circumstance was entitled to attempt to show that the witness had made a previous statement which conflicted with his testimony. *Wilson v. State,* 235 Ga. 470 (219 SE2d 756).

2. The contention that the state erroneously was permitted to read "the confession" of a co-defendant is equally without merit. The co-defendant witness denied making any "confession" to a GBI Agent and no prior statement of the co-indictee was admitted. Defendant objected to the admission of the witness' statement when it was offered in evidence, and the objection was sustained. The cross examination of the witness by reference to his purported statement does not amount to the reading of a "confession."

The cases of *Edge v. State,* 144 Ga. App. 213 (240 SE2d 765) and *Hannah v. State,* 144 Ga. App. 677 (242 SE2d 334) which are relied on by defendant are factually distinguishable for in those cases a confession of a co-defendant was erroneously admitted in evidence.

3. The evidence authorized the conviction. Therefore, there was no error in denying either the motion for a directed verdict of acquittal or motion for a new trial.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

Argued October 12, 1978 — Decided November 28, 1978 — Rehearing denied December 20, 1978 —

*Alexander, Vann & Lilly, John Turner Holt,* for appellant.

*Richard W. Shelton, Assistant District Attorney,* for appellee.