## 57568. BROWN v. THE STATE.

CARLEY, Judge.

Indicted for murder, Ms. Brown appeals her conviction of manslaughter, enumerating two errors. We conclude that neither requires reversal and affirm the judgment.

1. At the outset of the trial, the rule of sequestration was invoked by both sides but the district attorney requested that the police officer who took Ms. Brown's

statement be allowed to remain in the courtroom to assist in the trial. Ms. Brown's attorney stated that he had no objections and did not request that this witness be required to testify first nor object when other witnesses were called before him. Only when the officer was called to the stand as the last witness for the state was objection made that his testimony would violate the rule against sequestration.

Appellant relies upon *Jarrell v. State,* 234 Ga. 410 (216 SE2d 258) (1975) and its progeny, which have interpreted Code § 38-1703 to mean that "the burden is on the party who seeks to have a witness excepted from the rule to request a ruling from the trial judge to that effect ... If the request is granted, the district attorney should present the excepted witness first or explain to the satisfaction of the trial court why the witness cannot be called first. [Cits.]" *Parham v. State,* 135 Ga. App. 315, 320-321 (8) (217 SE2d 493) (1975). Those cases are not controlling here for two reasons.

First, defense counsel there objected both before the first witness testified as well as at the time the investigating witness was called. Other decisions have held that "[i]n the absence of a timely objection, it was not error to allow the investigating officer to remain in the courtroom and to hear the testimony of other witnesses before testifying himself, despite the fact that the rule of sequestration had been invoked. [Cits.]" E.g., *Lingerfelt v. State,* 147 Ga. App. 371, 377 (8) (249 SE2d 100) (1978); *Lloyd v. State,* 146 Ga. App. 584 (1) (246 SE2d 697) (1978). See also *Daniels v. State,* 149 Ga. App. 463 (1) (1979).

Here the first objection to the testimony of the investigating officer was not made until the time he was called as the last witness, even though the defendant must have been put on notice that the state planned to utilize him at the time the district attorney excepted him from the rule of sequestration. Moreover, the officer's name also appeared on the list of witnesses which the state expected to call.

Second, assuming that the objection was timely when it was made, the state then gave its reasons for calling the witness last, thereby allowing the trial court to exercise its discretion in deciding whether the witness

could properly testify at that time. While the cases treating this issue have been far from definitive, they do not appear to prohibit the state from making the required showing at the time and in the manner revealed by the transcript in this case. Compare *James v. State,* 143 Ga. App. 696 (2) (240 SE2d 149) (1977), and *Parham v. State,* 135 Ga. App. 315, 319 (8), supra, with *Whitfield v. State,* 143 Ga. App. 779 (2) (240 SE2d 189) (1977), and *Lloyd v. State,* 146 Ga. App. 584 (1), supra. Accordingly, we are unable to state that an abuse of discretion has been shown here, and the action of the trial court in this respect does not require reversal. *Walker v. State,* 132 Ga. App. 274 (2) (208 SE2d 5) (1974); *Smith v. State,* 140 Ga. App. 385, 389 (4) (231 SE2d 83) (1976); *Pless v. State,* 142 Ga. App. 594, 598 (4) (236 SE2d 842) (1977).

2. Before admission of Ms. Brown's statement to the investigating officer, a Jackson-Denno hearing was held outside the presence of the jury and the trial court ruled that it was freely and voluntarily given. "Factual and credibility determinations pertaining to voluntariness made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous. [Cits.]" *Ramey v. State,* 145 Ga. App. 812 (2) (245 SE2d 45) (1978). Since the transcript does not support Ms. Brown's contention that she was never advised that she was a suspect in the shooting of the victim, or indicate that the court's determination that the statement was admissible was "clearly erroneous," this determination will not be disturbed. *Davis v. State,* 240 Ga. 763, 766 (3) (243 SE2d 12) (1978).

*Judgment affirmed. Banke, P. J., and Underwood, J., concur.*

ARGUED APRIL 9, 1979 — DECIDED MAY 14, 1979 — REHEARING DENIED MAY 29, 1979.

*Duffey & Sawhill, John E. Sawhill, III,* for appellant.
*F. Larry Salmon, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney,* for appellee.