## 59642. HATCHER v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was indicted in two counts for the offense of violation of the Georgia Controlled Substances Act. Count 1 alleged he unlawfully sold pentazocine to an undercover agent (Officer Barber) and Count 2 alleged he unlawfully sold pentazocine to another undercover agent (Jones), both on the same day.

Defendant filed a motion to produce under Code Ann. §§ 38-801 (Ga. L. 1966, p. 502; 1968, pp. 434, 435; 1968, p. 1200) and 38-802 (Ga. L. 1966, pp. 502, 504), a motion for disclosure by the State (predicated on the Brady rationale), and a motion to reveal the identity of the informant and "reveal the deal." Other motions were likewise filed but we are not concerned with them in the case sub judice. The motion to produce and the motion for disclosure requested identical information, and after a hearing, the trial court considered the statement of the assistant district attorney made in his place that he did not have in his possession any evidence that was "arguably favorable to the defendant." Based upon this statement the court declined an in camera inspection and denied defendant's motion. However, the trial court ordered that defense counsel would be permitted to examine the physical evidence and ordered the State to produce a list of witnesses it expected to use at the trial. The motion to reveal the identity of the informant and "reveal the deal" was denied as the court stated that it had determined "the information requested would not be material." The case proceeded to trial, resulting in a verdict of not guilty as to Count 2 but defendant was convicted as to Count 1. He was sentenced to serve a term of three years. A motion for new trial was filed, later amended, and after a hearing was denied. Defendant appeals. *Held:*

The sole enumeration of error is that the State's failure to disclose the identity of the informant prior to trial denied the defendant a fair trial. Counsel for defendant contends that under Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215), pretrial disclosure of the identity of the informant was constitutionally mandated under the circumstances and facts of the case. He contends that the disclosure was material and bore directly on the guilt or innocence of the defendant as disclosure would have provided more than a mere possibility that the undercover agents would be impeached. The State's evidence disclosed that two undercover agents went to a certain residence in Forest Park, Clayton County, Georgia, where they engaged the defendant in conversation with reference to the purchase of drugs. Agent Jones testified that, as instructed by the defendant, he went into a small bedroom in the rear of the house where he picked up four tablets which the defendant allegedly was selling to him at $5 each, laid down $20 and left. He then testified that the defendant went into the bedroom and picked up the $20. We note here that the jury returned a not guilty verdict as to this count. He testified he thought he was purchasing Percodan but the crime laboratory later analyzed them as being "Pentazocine." This occurred at the residence of one Jim Pierce. Pierce was not a police officer nor an undercover agent. The officers proceeded to the dwelling of Pierce at the direction of another agent who had instructed them that they could purchase some drugs at that location inasmuch as there would be several people there selling, admitting that Jim Pierce "would have some deals set up for us." He also admitted on cross examination that he expected to see the defendant there.

Officer Barber, the other undercover agent, testified concerning the buy from the defendant first as to the "four hits" of suspected "Percodan" and then as to "six hits" that he wanted to purchase. In this instance the defendant went down to his automobile with "another subject" (evidently Jim Pierce, the so-called informer) and defendant gave Pierce the suspected Percodan. Pierce then gave Barber the pills and stated that the defendent "wanted him [Pierce] to take him [defendant] the money." Barber testified that he refused to do this but took the money directly to the defendant on the driver's side of the vehicle where the defendant was sitting. "He rolled down the window, I gave him the money [$50] and he gave me the change [$20]." Subsequent expert testimony disclosed that all the pills were pentazocine. The jury convicted the defendant as to these six pills purchased by this undercover agent (Officer Barber).

In this case the alleged informer (Pierce) was not shown to have made any arrangements with the defendant for the sale of the

contraband by the defendant although the sales allegedly occurred at his dwelling. Defendant did not plead entrapment; rather his defense was that he was not the person making the alleged sale. As was stated in *Taylor v. State,* 136 Ga. App. 31 (2) (220 SE2d 49), the disclosure of the informer is not required as a matter of law under Code § 38-1102 "but rests in the discretion of the trial judge, balancing the rights of the defendant and the rights of the state under all the facts and circumstances. [Cits.]" In Divisions 3 and 4, at page 32, if the informer becomes a participant such as here, where he handled the drugs for the alleged seller as a go-between, a motion for disclosure as to the informer may be required if the defendant pleads entrapment, but if the defense is merely mistaken identity, as here, this court has held that the trial court did not abuse its discretion in overruling the defendant's motion for disclosure. Further, it is quite clear that the defendant learned the informer's identity early in the trial. Counsel for the defendant admitted that he was aware that Pierce was in the courtroom at the beginning of the trial and could have been subpoenaed by the defense if desired. See *Watts v. State,* 141 Ga. App. 127, 129 (2) (232 SE2d 590). The trial court did not abuse its discretion in denying the motion requiring the disclosure of the identity of the informant prior to trial.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED APRIL 15, 1980 — DECIDED MAY 12, 1980 —
REHEARING DENIED JUNE 2, 1980 —

*Don C. Keenan,* for appellant.
*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellee.