## 59666. MARSHALL v. THE STATE.

Deen, Chief Judge.

1. "While it may be unusual for a man to allow himself to be robbed in the middle of a crowded area, and to walk away afterward without looking back or making any immediate effort to apprehend his assailant, it is not impossible, and allowance must be made for the reactions of different temperaments to threats of violence." *Webb v. State,* 82 Ga. App. 543, 545 (61 SE2d 542) (1950). The defendant's contention here that the victim's story is inherently incredible and shows no coercion is not well taken. The eyewitness made a firm identification, and stated that he was very fearful of physical injury because of the effects of a recent accident, and that he caught the defendant lying and therefore was apprehensive of bodily injury to himself. There is some slight discrepancy between the victim's story told on the stand and that of two police officers as to what he had previously told them, but this is easily reconciled either by the fact that the officers may have forgotten certain details, or that the victim did not repeat all the details to them at the first interview. The credibility of such a witness is always for the

jury. *Parker v. State,* 145 Ga. App. 205 (1) (243 SE2d 580) (1978); *Bethay v. State,* 148 Ga. App. 570 (1) (252 SE2d 3) (1978). The jury chose to believe the victim as to the events of the evening which culminated in the defendant following him to his room on the pretext of using the telephone and there robbing him at gunpoint. He later picked out the defendant's picture in a "photographic lineup." The evidence is ample to sustain the conviction.

2. After the rule of sequestration had been invoked and a detective had been allowed to remain in the room "to assist the district attorney" he was called to the stand and allowed to state over objection the way in which the witness had observed the victim identifying the picture of the defendant. The discretion of the trial judge in like circumstances is usually upheld. *McCranie v. State,* 151 Ga. App. 871 (5) (261 SE2d 779) (1979); *Brown v. State,* 150 Ga. App. 116 (1) (257 SE2d 25) (1979); *Martin v. State,* 151 Ga. App. 9 (3) (258 SE2d 711) (1979).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED APRIL 7, 1980 — DECIDED MAY 16, 1980.

*Donald E. Strickland,* for appellant.
*William S. Lee, District Attorney, John C. Knowlton, Assistant District Attorney,* for appellee.