## 61097. JOHNSON v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted, along with 3 others, for the offense of armed robbery with reference to a branch bank in which property (money) was taken from certain bailees by intimidation and by use of a pistol, an offensive weapon. Only two of the defendants (defendant Johnson and a co-defendant) were tried and convicted in the case sub judice. Defendant Johnson was sentenced to serve a term of 20 years. A motion for new trial was filed, heard and denied. Defendant Johnson appeals. *Held:*

1. The evidence was ample to show a bank was robbed by 4 men armed with guns. The tellers and management personnel identified the defendant as one of the robbers. An eyewitness also identified the defendant as the driver of the getaway car. Following in hot pursuit, although the automobile disappeared out of the vision of the officer following same, this officer located it in an apartment complex. The defendant's driver's license and some money from the bank were found in the getaway car minutes after the robbery. When defendant was arrested he was carrying a pistol which had been taken from the bank guard during the robbery. In addition, the defendant made a statement to the police detailing his participation in the robbery and advising them where money from the robbery could be located. It was so located. The co-defendant also made a confession which implicated the defendant. There was sufficient evidence from which the jury could find the defendant guilty beyond a reasonable doubt. See *Anderson v. State,* 245 Ga. 619, 622 (1) (266 SE2d 221). After a careful review of the entire record and transcript we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt of the offense of armed robbery. *Dukes v. State,* 151 Ga. App. 312, 313 (259 SE2d 706); *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 71); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628).

2. Defendant contends that the trial court erred in failing to grant a severance in that there was an abuse of discretion since the alleged confessions of the defendants, and particularly the confession of the co-defendant on ·trial, seriously prejudiced this defendant, same not being jointly made. Defendant contends that the cases of *Haisman v. State,* 242 Ga. 896, 900-901 (252 SE2d 397), and *Booker v. State,* 231 Ga. 598, 599 (1) (203 SE2d 194), require the grant of the motion to sever. Therein the Supreme Court held that separate crimes did not arise out of the same conduct, and did not involve the same victims or witnesses; and the evidence of one would not be

admissible on the trial of the other. Such was not the case here. These cases are not controlling on this court under the facts in the case sub judice. A careful reading of the admissions (or confessions) by the two defendants on trial in the case sub judice shows there is no difference as to the details of the robbery as same parallel each other. Hence there is no error in their admission. *Baker v. State,* 238 Ga. 389, 391-392 (2) (233 SE2d 347); cert. denied, Baker v. Georgia, 431 U. S. 970; *Todd v. State,* 143 Ga. App. 619, 620-621 (2) (239 SE2d 188); cert. denied, Todd v. Georgia, 436 U. S. 921; *Gamarra v. State,* 142 Ga. App. 196, 197 (2) (235 SE2d 652); *Stovall v. State,* 236 Ga. 840, 841-842 (2) (225 SE2d 292); *Merrill v. State,* 130 Ga. App. 745, 748 (2) (204 SE2d 632). Since the co-defendants were jointly indicted for the same offense, involved the same witnesses and there was evidence of concerted action, the trial court did not abuse its discretion in denying severance. *Hall v. State,* 143 Ga. App. 706 (1) (240 SE2d 125).

3. At a Jackson-Denno (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing as to the admissibility of the defendant's statement the trial court determined it was freely and voluntarily given and was admissible. This finding was not erroneous. *Brown v. State,* 150 Ga. App. 116, 118 (2) (257 SE2d 25); *Brooks v. State,* 244 Ga. 574, 581 (II-2) (261 SE2d 379); *Tucker v. State,* 245 Ga. 68, 69 (3) (263 SE2d 109). The question thereafter before the jury was whether the statement was freely and voluntarily given and was one of fact for the jury, the state having made a prima facie showing of voluntariness. *Gray v. State,* 151 Ga. App. 684, 685 (1) (261 SE2d 402); *Simonton v. State,* 151 Ga. App. 431, 433 (5) (260 SE2d 487). The trial court correctly allowed the testimony relating defendant's statement to be presented to the jury; and the jury had sufficient evidence to also determine it was freely and voluntarily given.

4. It is well settled that it is in the discretion of the trial court to allow an investigating officer to remain in the courtroom to assist the state in the presentation of the state's case despite the rule of sequestration. We find no abuse of discretion on the part of the trial court. *Hardy v. State,* 245 Ga. 673 (266 SE2d 489); *Marshall v. State,* 154 Ga. App. 649, 650 (2) (269 SE2d 507); *Fountain v. State,* 228 Ga. 306, 307 (3) (185 SE2d 62); *Spurlin v. State,* 222 Ga. 179, 180 (2) (149 SE2d 315). There is no merit in this complaint.

5. After making an in camera inspection of the state's entire file and providing the defendant with a portion of a statement, the trial court did not err in holding there was no other discoverable information. Further, the trial court stated it would monitor the testimony of the witnesses and if the testimony appeared to be contradictory to the witness' statement the statement would be made

available to the defendant. Thereafter the trial court reiterated its finding of no exculpatory information in the statement. No harmful error has been shown. *Crosby v. State,* 150 Ga. App. 804, 805 (2) (258 SE2d 593); *Roberts v. State,* 243 Ga. 604, 605 (1) (255 SE2d 689); *Payne v. State,* 233 Ga. 294, 296-297 (210 SE2d 775).

6. A number of witnesses identified defendant in court as one of the robbers based on their identification of him at the time of the robbery. We find no suggestiveness in the method used at the physical lineup or in the display of photographs; and the trial court did not err in admitting the identification testimony. *Coleman v. State,* 150 Ga. App. 380 (2) (258 SE2d 12); *Johnson v. State,* 150 Ga. App. 405 (1) (258 SE2d 22); *Chafin v. State,* 154 Ga. App. 122 (3) (267 SE2d 625); *Redd v. State,* 154 Ga. App. 373, 374 (2) (268 SE2d 423).

7. The reference to a mug shot did not impermissibly place the defendant's character in issue. See *Ogles v. State,* 238 Ga. 716, 717 (235 SE2d 384); *Fleming v. State,* 236 Ga. 434, 439 (224 SE2d 15); *Anderson v. State,* 152 Ga. App. 268, 269 (2) (262 SE2d 560); *Thomas v. State,* 128 Ga. App. 538 (5), 542 (197 SE2d 452).

8. As the alleged informant is a female (a private citizen) who volunteered information to the officers as to where the defendant could be located and who took the officers to the location to point out the particular apartment and was not shown to have played any further material part in the case, was not a witness nor a participant and advised the officers nothing which could be exculpatory, she was a mere tipster and her identity need not be disclosed. *Thornton v. State,* 238 Ga. 160, 162 (2) (231 SE2d 729); *Black v. State,* 154 Ga. App. 441, 442 (2) (268 SE2d 724); *Bennett v. State,* 153 Ga. App. 21, 27 (IV) (264 SE2d 516); *Hatcher v. State,* 154 Ga. App. 770, 771 (270 SE2d 16); *State v. Martin,* 156 Ga. App. 554 (275 SE2d 129).

9. As the defendant was arrested in the apartment of another following hot pursuit a search warrant as to this apartment was not necessary based upon the information received by the police officers. The trial court did not err in refusing to suppress the evidence from the robbery which was found in this apartment. See *Norrell v. State,* 116 Ga. App. 479 (3), 487 (157 SE2d 784); *Fears v. State,* 152 Ga. App. 817, 818-820 (1) (264 SE2d 284).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

Decided April 21, 1981 —
Rehearing denied june 30, 1981 —

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret*

112

*V. Lines, Assistant District Attorneys,* for appellee.

