## 65942. MATTHEWS v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of burglary, possession of a firearm during the commission of a felony and aggravated battery. He appeals on the general grounds, and also contends the trial court erred by admitting his confession into evidence and by denying his motion to sever.

Around 1:00 a.m. appellant and Joseph Boneta were burglarizing a business firm in Atlanta when the police arrived after notification that a burglary might be in progress. Officer R. K. Batson observed a broken window where Boneta and appellant had gained entry to the offices being burglarized. Boneta and appellant saw Batson's police car and started out a door of the building. On being confronted by Batson, Boneta fired two shots at Batson, striking him in the hand and hip. Batson got behind his car and several more shots were exchanged. Boneta ran off and appellant hid behind a dumpster. When other policemen arrived to assist Batson, appellant ran down some railroad tracks and was apprehended almost immediately. A .357 magnum revolver containing two live rounds and four spent cartridges was found at the scene of appellant's apprehension. Appellant admitted that the magnum and a revolver used by Boneta to shoot Batson belonged to appellant. Appellant and Boneta made written confessions to the burglary and shooting, although appellant denied shooting at Batson, stating that he just fired into the air.

On trial appellant testified that he and Boneta did not commit the burglary or shoot Batson. Appellant testified that he confessed because the police had beaten and kicked him severely, and he was afraid he would be beaten again if he did not confess.

1. The evidence is sufficient to support the verdict. The weight of the evidence and credibility of witnesses are questions for the triers of fact, and this court passes on the sufficiency of the evidence, not its weight. *Miller v. State,* 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982). We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends it was error to admit his confession into evidence as it was not shown to have been given freely and voluntarily, but was the result of his fear of being beaten.

When a defendant objects to the admission into evidence of his confession, the state must prove by a preponderance of the evidence

that the confession was voluntary, and if the confession results from an in-custody interrogation by government officers, that the confession was preceded by defendant's knowing and voluntary waiver of his rights. *Brooks v. State,* 244 Ga. 574, 581 (2) (261 SE2d 379) (1979). "On appellate review, factual and credibility determinations by the trial court must be accepted unless such determinations are clearly erroneous." Id.; *Griggs v. State,* 241 Ga. 317, 319 (5) (245 SE2d 269) (1978).

The arresting officer in the case acknowledged that he struck appellant in the face with the butt of a shotgun when appellant did not raise his hands above his head as ordered; the policeman denied kicking appellant. At a Jackson-Denno hearing on the voluntariness of the confession (Jackson v. Denno, 378 U.S. 368 (84 SC 1774, 12 LE2d 908)), testimony was presented that appellant was advised of his Miranda rights by the arresting officer, by a police officer who took custody of appellant and transported him to the police station, and by Detective Agan prior to his interrogation of appellant. All officers testified that appellant understood his rights, was not threatened in any way, and was made no promises of benefit nor hope of reward. Appellant acknowledged that he understood his rights, and that he signed a "waiver of rights" form stating that he understood his rights and did not desire a lawyer. All police officers testified that appellant was extremely cooperative. Although appellant testified that he was afraid he would be beaten if he did not confess, the officer who had struck him was not present when appellant made his statements. Appellant testified at the hearing that he was in a daze from his severe beating and did not really know what he was doing.

Under the totality of the circumstances in this case, we find that the state met its burden of showing by a preponderance of evidence that appellant's confession was made knowingly and voluntarily after being advised properly of his rights. Accordingly, it was not error to admit appellant's confession into evidence. *Brooks, Griggs,* supra.

3. Appellant made a motion to sever on the ground that both Boneta and appellant made written confessions, which if introduced into evidence would be prejudicial to both defendants. The motion was denied and appellant claims error in that ruling.

The grant or denial of a motion to sever is left to the discretion of the trial court, and will not be overturned absent an abuse of discretion. *Cain v. State,* 235 Ga. 128-129 (218 SE2d 856) (1975). One matter for consideration by a court in exercising its discretion on a motion to sever is whether there is a danger that evidence admissible against one defendant will be considered against another despite the

admonitory precaution of the court. Id., at 129.

The confession of one joint offender, made after the enterprise has ended, is admissible only against himself, OCGA § 24-3-52 (Code Ann. § 38-414), and cannot be used against the other defendant at a joint trial where the joint offender does not testify and is not available for cross-examination. Bruton v. United States, 391 U.S. 123 (88 SC 1620, 20 LE2d 476); *Reddish v. State,* 238 Ga. 136, 138 (231 SE2d 737) (1977). However, there is no Bruton violation when the testimony presented in the co-defendant's confession is supported by the complaining defendant's own confession. *Gamarra v. State,* 142 Ga. App. 196, 197 (2) (235 SE2d 652) (1977). Since Boneta's confession was supported by appellant's confession, the rule in Bruton was not applicable and a severance was not required. Hence the trial court did not abuse its discretion in denying appellant's motion. *Johnson v. State,* 159 Ga. App. 109, 110 (2) (282 SE2d 645) (1981).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JUNE 17, 1983.

*Earl A. Davidson, Susan E. Teaster,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Wendy Shoob, Assistant District Attorneys,* for appellee.