56343, 56344. LEWIS v. THE STATE (two cases).
56345. HENSLEY v. THE STATE.
56346. McELWANEY v. THE STATE.

BIRDSONG, Judge.

Appellants were jointly tried and convicted of multiple counts of aggravated assault and of terroristic threats. The facts show that the three appellants, together with a fourth companion, each armed with a firearm, went to a trailer park to settle a dispute. The facts show further that the companion invited the three appellants to accompany him to reconcile differences with "wild men" at the park. Following statements by appellants that they were "through talking," there

ensued a shoot-out, during which the companion was shot and killed by the occupant of the trailer, the person whom the quartet had gone to see; the appellant Lewis fired a shotgun blast into the trailer over the occupant's head, and the appellant Hensley fired a pistol into the same trailer. During this encounter, threats to kill were uttered by some of the appellants. Appellants were all members of the "Outlaw Motorcycle Club." Appellants moved for a change of venue because of pervasive and prejudicial pre-trial publicity and moved for a severance based upon the inherent prejudice of a joint trial where differing degrees of culpability are involved, and upon antagonistic defenses. Both motions were denied by the trial court. In addition, appellants complain that the evidence is insufficient to show a common criminal enterprise warranting a conviction upon the legal theory of principals. Also, the appellants complain that the trial court erred in failing to charge the jury upon the theory of affray. *Held:*

1. The evidence was more than sufficient to support the findings of guilty of each of the parties to the acts of aggravated assault and terroristic threats. Though there were conflicts in the evidence, these conflicts were resolved against the appellants. Applying the "any evidence" rule, as we must (*Rhodes v. State,* 239 Ga. 257, 259 (236 SE2d 609); *Dunn v. State,* 141 Ga. App. 853 (1) (234 SE2d 687)), we conclude that the jury was warranted in finding that appellants went to the trailer park pursuant to a common agreement to engage in violent conduct and that the acts of each defendant flowing from the enterprise were fully attributable to each of the other defendants. *Burke v. State,* 234 Ga. 512, 513 (2) (216 SE2d 812).

2. In their second enumeration of error, appellants urge that it was error for the trial court to fail to charge upon the legal theory of "affray." We note that appellants did not request such a charge and did not object to any such omission. In the absence of a written request for such a charge, it is not error for the trial judge to fail to charge on such an affirmative defense. The charge given was fair and complete, and the failure to charge upon a disputed issue, without a written request to so charge, is neither

prejudicial nor harmful error. *State v. Stonaker,* 236 Ga. 1, 3 (222 SE2d 354); *Smith v. State,* 236 Ga. 5, 10 (6) (222 SE2d 357).

3. In their third enumeration of error, appellants assert that the trial court erred in denying their motion for severance. At best appellants did no more than raise a possibility that a separate trial might give one appellant a better chance of acquittal than another. The evidence adduced both by the state and by the defendants was not basically in conflict and tended to show from the viewpoint of the defendants that they went to the trailer park with peaceable intentions and reacted with measures of self-defense. Appellants have not shown any prejudice in the denial of the motion to sever nor any denial of due process. This absence of error or prejudice makes abundantly clear that the trial court did not err in denying the motion for severance. *Todd v. State,* 143 Ga. App. 619 (239 SE2d 188).

4. In their last enumeration of error, appellants complain that the trial court erred in denying their motion for a change of venue. However, we are presented with a record and transcript that does not furnish us with a verbatim rendition of the voir dire process. Though appellants requested a verbatim transcript of voir dire and even offered to pay for it, the trial court denied that motion. Appellants do not assign that refusal as error. Thus, we are confronted with a jury that was selected in open court under the supervision of the trial court. That the process was conducted fairly and in accordance with law appears to be supported by the facts that additional peremptory strikes were afforded; that certain jurors were excused because of apparent prejudice; and that the jury eventually selected was seated without objection on the record by the appellants. There is no showing that because of the pre-trial publicity that the passions of the community were raised to such a point that an unbiased jury could not be found from the community, other than by a bare assumption of the appellants. Nor does the transcript show that the jurors actually selected were biased or prejudiced. By their selective findings of guilty and not guilty the jury indicated their responsiveness to the evidence and the law. Appellants can ask for nothing

more. Under these circumstances, appellants have not met the two-pronged test mandated by *Street v. State,* 237 Ga. 307 (227 SE2d 750) requiring a showing that the setting was inherently prejudicial or that the jury selection process demonstrated actual prejudice to a degree that rendered a fair trial impossible. The record failing to show such faults, there is nothing for us to review in this allegation of error.

*Judgments affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 18, 1978 — DECIDED OCTOBER 12, 1978 — REHEARING DENIED OCTOBER 30, 1978 —

*Kaplan, Burgess & Veth, David Kaplan, Zeese & Howell, Baxter C. Howell,* for appellants.

*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.