**STATE of Maine**

v.

**Larry T. NICKERSON et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 9, 1990.
Decided May 22, 1990.

**1356**

R. Christopher Almy, Dist. Atty., Dover–Foxcroft, for plaintiff.

Marshall T. Carey, Bangor, for defendants.

Before McKUSICK, C.J., and
WATHEN, GLASSMAN, CLIFFORD,
and COLLINS, JJ.

GLASSMAN, Justice.

Larry T. Nickerson and Jean Nickerson appeal from the judgments entered in the Superior Court (Piscataquis County, *Silsby, J.*) on their conditional pleas of guilty to charges of unlawful trafficking in a scheduled drug in violation of 17–A M.R.S.A. § 1103 (1983 & Supp.1987). They contend that the Superior Court (*Beaulieu, J.* and *Silsby, J.*) erred in denying their motions to suppress evidence seized from the Nickersons by the State pursuant to a search warrant issued by the District Court (Dover–Foxcroft, *Calkins, J.*) and by refusing to require the State to disclose the identity of the anonymous informant referred to in the affidavit and request for a search warrant. We hold that the trial court properly denied the motions and affirm the judgments.

■ In support of their first contention, the Nickersons argue that the affidavit provides no basis for the District Court's finding of probable cause for the issuance of the search warrant because the affidavit contains no information regarding the informant's reliability. We disagree. In *State v. Knowlton*, 489 A.2d 529, 531 (Me.

1985), we adopted a totality of the circumstances test for evaluating whether probable cause exists for the issuance of a warrant. We do not make a *de novo* determination of probable cause but limit our inquiry to whether there was a substantial basis for the single required finding of probable cause by the magistrate or court that issued the warrant. We give deference to such a finding and in reviewing the affidavit draw from it all reasonable inferences to support that determination. *State v. Lutz*, 553 A.2d 657, 659 (Me.1989).

Here, it can reasonably be inferred by reading the affidavit that the anonymous informant was reliable. The affidavit states that the information that marijuana plants were growing in the cellar of the residence occupied by the Nickersons related to Police Chief Dyer, the affiant, by the informant confirmed information already in Dyer's possession; that a deputy sheriff had previously given Dyer an envelope bearing the name "Jean" containing a photograph of marijuana growing in a cellar that was found in an automobile purchased from the Nickersons; and that the informant gave as the basis of his knowledge that he had seen the plants on several occasions and gave a specific description of the size of the plants and their location in a cellar that could only be reached by a trap door located in the floor of a bedroom and covered by a rug. We hold that the affidavit provided the substantial basis for the required finding of probable cause for the issuance of a search warrant. Accordingly, the Superior Court properly denied the Nickersons' motion to suppress the evidence seized from them pursuant to that warrant.

■ We find no merit in the Nickersons' second contention that the trial court abused its discretion by denying their motions that the State be required to disclose the name of the anonymous informant. Contrary to their contention, the record discloses no evidence that Dyer intentionally or with reckless disregard for the truth made any false assertions in his affidavit as to the information disclosed to him by the informant. *See State v. Barczak*, 562

A.2d 140, 144 (Me.1989). Accordingly, the Superior Court properly found that the Nickersons failed to meet their burden of showing that the informant was able to give testimony relevant to any issue in this case. *See State v. Chase*, 505 A.2d 791, 793 (Me.1986); M.R.Evid. 509.

The entry is:

Judgments affirmed.

All concurring.