A98A0577. BALDWIN v. THE STATE.
(501 SE2d 548)

McMURRAY, Presiding Judge.

Defendant Baldwin appeals his conviction of theft by receiving stolen property and possession of a firearm by a convicted felon. *Held*:

1. The State presented a juvenile witness who testified as to stealing a handgun belonging to his father and transporting the weapon to defendant's residence where it was delivered to defendant in payment of a drug debt. Defendant, who had elected to have the

criminal discovery provisions of OCGA § 17-16-4 et seq. apply to this case, objected and moved for a mistrial, noting inconsistencies between this testimony and the statements of the juvenile witness which had been provided via discovery. Defense counsel argued that it appeared that the State had statements of the juvenile witness which had not been provided to him and that the State should have provided him via discovery with the information that a drug debt was involved. Defendant's objection was overruled and motion for a mistrial denied.

These issues were raised again via motion for a new trial, and during the hearing of that motion, an assistant district attorney explained that he had elicited the juvenile witness' statement concerning the drug debt by pursuing his suspicions based on the circumstances of the case and confronting that witness about 30 minutes prior to jury selection for defendant's trial. Defendant maintains that the resulting oral statement by the juvenile witness should have been provided to him pursuant to the statutory discovery provisions. Defendant's supposition that OCGA § 17-16-7 is applicable to oral statements of a witness is reached by defendant's reading of this statutory provision together with OCGA § 17-16-4 (a) (1) which provides that a defendant's oral statements while in custody are subject to discovery. Nonetheless, the statutory construction of OCGA § 17-16-7 advanced by defendant is irreconcilable with the Supreme Court decision of *Forehand v. State*, 267 Ga. 254, 255 (3) (477 SE2d 560). "[OCGA § 17-16-7] provides, in relevant part, that 'the prosecution . . . shall produce for the opposing party any statement of any witness that is in the possession, custody, or control of the (S)tate or prosecution . . . that relates to the subject matter concerning the testimony of the witness. . . .' This statutory obligation is not triggered when a witness merely makes an oral statement. There can be no 'possession, custody, or control' of a witness' statement which has neither been recorded nor committed to writing. OCGA § 17-16-1 (1). Accordingly, if, but only if, the eyewitness' statement had been recorded or committed to writing other than in 'notes or summaries made by counsel,' it would be discoverable. OCGA § 17-16-1 (2) (C)." Id. at 255-256. See also *Phagan v. State*, 268 Ga. 272, 283 (11) (486 SE2d 876).

While the juvenile witness' oral statement was not discoverable, we note that the State had provided defense counsel with this witness' name and telephone number prior to trial, thereby enabling defense counsel to speak with this witness if he wished to do so. Additionally, we note that defense counsel fully utilized the opportunity presented by cross-examination to explore any inconsistencies in the statements of the juvenile witness and thus bring his credibility into issue. As we find no discovery error as maintained by defendant, we

hold that the trial court did not err in admitting the testimony of the juvenile witness and in denying the motion for mistrial. Nor do we find merit in the related grounds for defendant's motion for new trial.

2. Defendant's remaining enumeration of error questions the sufficiency of the evidence to authorize his conviction. The evidence viewed in the light most favorable to upholding the verdict of the jury shows that defendant was identified by the juvenile witness as the person to whom he delivered his father's handgun to pay a debt arising from a purchase of cocaine. The juvenile witness testified that he told defendant that the gun was his father's and to hold on to the gun until he could get him some money because he needed to get the gun back. The handgun was recovered by police at defendant's residence later that day. During the second part of a bifurcated trial, the State introduced evidence of defendant's prior felony conviction for the sale of cocaine. The evidence was sufficient to authorize a rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Dunbar v. State*, 228 Ga. App. 104, 106 (1), 107 (491 SE2d 166); *Adams v. State*, 210 Ga. App. 151, 153 (2) (435 SE2d 514).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED APRIL 10, 1998 —
RECONSIDERATION DENIED APRIL 21, 1998 — 

*Macklyn A. Smith*, for appellant.
*Daniel J. Porter, District Attorney, Jefferson B. Blandford, Assistant District Attorney*, for appellee.