A98A0682. WHITE v. THE STATE.
(503 SE2d 26)

BIRDSONG, Presiding Judge.

Earnest Ray White appeals his convictions of aggravated assault, burglary and kidnapping with bodily injury. White was sentenced to life in prison on the kidnapping charge and to 20 years on each of the other crimes with all sentences to run concurrently. Although White was also charged with harassing telephone calls, the jury acquitted him of that offense.

The victim testified that before the incident giving rise to these charges she had been introduced to White at a health club and that when they were introduced she had the opportunity to observe him in well lighted conditions from a distance of about three feet. Later, at her home, she was attacked by someone who grabbed her from behind, forced her into her home, and attempted to take off her pants. During her struggle with her attacker, she noticed that her assailant had on a shirt with a name tag and the name began with "Ray." Ultimately, she broke free, grabbed a gun that she had, and forced her assailant to leave. At the time of the attack, she got a good look at her assailant in well lighted conditions, and after the incident

she was able to provide a detailed description to the police.

Later, while the victim was at the police station assisting in the preparation of a composite drawing of the man who attacked her, her boyfriend, who was also present, observed the composite drawing and identified White to the police, but not to the victim, as the person in the drawing. Subsequently, the victim picked out a photograph of White as the person who attacked her, and then picked out White in a lineup. The victim also identified White's voice as that of the person who had been making unwanted telephone calls to her. During the trial, the victim also made an in-court identification of White as the man who attacked her.

The victim's boyfriend testified that he had known White for several years prior to the attack and had socialized with him somewhat frequently. As a consequence, he was able to identify White from the composite drawing the police prepared with the victim. Further, he was present at the lineup, saw the man the victim identified, and immediately knew him to be White.

White's sister-in-law, ex-wife, and co-workers testified that they were with White at such times that, if believed, could have provided an alibi for him. Additionally, White also testified and denied that he committed any of the crimes for which he was charged and also stated that he was either at work or having lunch with his mother at the time the victim claims she was attacked.

On appeal, White contends the trial court erred by denying his motions for a directed verdict of acquittal and for a new trial because the prosecution did not rebut his alibi defense for which he had given proper notification under OCGA § 17-16-5. He asserts that as a result of the notification of alibi defense, the State has not carried its burden of proving his guilt beyond a reasonable doubt. *Held*:

Although White separated his arguments into two enumerations of error, they both concern the sufficiency of the State's evidence. Therefore, we shall consider the two enumerations in the same discussion because the test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), is the appropriate one to use when the sufficiency of the evidence is challenged, whether the challenge is from the denial of a directed verdict or the denial of a motion for new trial based upon alleged insufficiency of the evidence. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436).

A motion for a directed verdict in a criminal case should only be granted when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Alexander v. State*, 263 Ga. 474, 478 (3) (435 SE2d 187). Moreover, on appeal the evidence must be viewed in the light most favorable to the verdict, White no longer enjoys the presumption of innocence, and the appellate court determines the sufficiency, not the weight of the

evidence, and does not judge the credibility of the witnesses. *Grant v. State*, 195 Ga. App. 463 (393 SE2d 737). Further, we do not speculate which evidence the jury chose to believe or disbelieve. *Mills v. State*, 137 Ga. App. 305, 306 (223 SE2d 498).

The transcript shows that the victim in this case made both an out-of-court and an in-court identification of White as the man who attacked her and forced his way into her home. This testimony alone is sufficient to support the convictions. Thus, having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found White guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, supra; *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131).

We find no support in our law for White's contention that his alibi defense placed the burden on the prosecution to file a rebuttal to the notification under OCGA § 17-16-5 (b). Although this new Code section on alibi is part of the recent reciprocal discovery laws passed by our legislature, it is a means for discovery by the State. Thus, obligations under OCGA § 17-16-5 are triggered not by a defendant's notice, but by the State's demand. OCGA § 17-16-5 (a). Consequently, the State had no obligation to file a formal reply to White's notice; White's enumeration of errors are without merit.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 27, 1998 —
RECONSIDERATION DENIED JUNE 18, 1998 — ▮▮▮▮▮▮▮

*Lawrence E. Maioriello*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Nancy B. Johnson, Assistant District Attorneys*, for appellee.