S98G1599. WHITE v. THE STATE.
(518 SE2d 113)

FLETCHER, Presiding Justice.

· We granted certiorari to consider the scope of the state's obligation under OCGA § 17-16-5 (b) to make a written response to a defendant's notice of alibi. We hold that the statute imposes reciprocal obligations and therefore disapprove the Court of Appeals of Georgia's contrary holding.[1] Nevertheless, we affirm the conviction because the defendant failed to object to the state's rebuttal witnesses.

A jury convicted Ernest Ray White of aggravated assault, burglary, and kidnapping with bodily injury. Prior to trial, White gave written notice to the state of his intention to offer an alibi defense. The state did not provide White with a written response regarding the witnesses it planned to call to rebut the alibi defense. White moved for directed verdict, contending that the state failed to rebut his alibi defense. The trial court denied the motion and the court of appeals affirmed, holding that the victim's identification of White as her attacker was sufficient to rebut his alibi defense.[2] The court of appeals also held that the state had no obligation to file a reply to White's alibi notification because OCGA § 17-16-5 is solely a means of discovery by the state.[3]

1. OCGA § 17-16-5 was enacted in 1994 as part of a comprehensive act to broaden discovery in criminal cases.[4] The purpose of the act is to prevent surprise and trial by ambush and reduce the caseload of the criminal trial courts.[5] To achieve this goal, the act imposes an affirmative duty on both the defendant and the state to disclose specific information. Upon a demand by the state, OCGA

---

[1] *White v. State,* 233 Ga. App. 24 (503 SE2d 26) (1998).
[2] Id. at 26.
[3] Id.
[4] 1994 Ga. Laws 1895.
[5] See Jeffrey A. Hannah, Peach Sheet, *Criminal Procedure,* 11 Ga. St. U. L. Rev. 137, 138 (1994) (discussing enactment of criminal discovery provisions).

§ 17-16-5 (a) requires the defendant to disclose in writing an intention to rely upon an alibi defense. The written notice must be specific with regard to the place the defendant claims to have been at the time of the alleged offense and must provide the names, addresses, dates of birth, and telephone numbers of the witnesses upon whom the defendant intends to rely.

Once the defendant has provided this notice, the state "shall serve upon the defendant . . . a written notice stating the names, addresses, dates of birth, and telephone numbers of the witnesses . . . upon whom the state intends to rely to rebut the defendant's evidence of alibi unless previously supplied." The use of the word "shall" indicates clearly that the state is required to file a rebuttal to the defendant's notification.[6] Because the court of appeals' contrary statement ignores the plain language of the statute, we disapprove this holding.

2. The state contends that it satisfied its obligation under OCGA § 17-16-5 because it had previously supplied a list of witnesses and the rebuttal witnesses were named on that list. The statute, however, is concerned not with witnesses generally, but with witnesses who will testify regarding the alibi defense. Requiring specific disclosure of the witnesses upon whom the state will rely to rebut the alibi furthers the act's purpose of preventing surprise and promoting fairness. Furthermore, a defendant who knows which witnesses will testify to rebut an alibi can more accurately assess the strength of his case prior to trial and may consider avoiding a trial through a plea bargain.[7]

3. The state's failure to comply with OCGA § 17-16-5 does not, however, demand that a trial court grant a defendant's motion for acquittal. When the state fails to comply with any of the discovery provisions, OCGA § 17-16-6 provides remedies, which include the grant of a continuance and the exclusion of evidence. The record reveals that White did not raise the state's noncompliance at trial. Therefore, White did not give the trial court the opportunity to exercise its discretion in formulating an appropriate remedy and cannot complain for the first time on appeal.

4. The court of appeals reviewed the evidence under the proper standard and found it sufficient to support White's convictions.

*Judgment affirmed. All the Justices concur.*

---

[6] See *Hardwick v. State*, 264 Ga. 161, 163 (442 SE2d 236) (1994) (generally, "shall" is recognized as mandatory command).

[7] Hannah, *Criminal Procedure*, 11 Ga. St. U. L. Rev. at 154.

132

*Lawrence E. Maioriello,* for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.