A99A2374. COX v. THE STATE.
A99A2375. COOPER v. THE STATE.
A00A0173. CHAPPELL v. THE STATE.
(528 SE2d 871)

ELLINGTON, Judge.

Roger Jack Cox, Robert Lee Cooper, and Brandon Keith Chappell, were convicted by a jury of aggravated assault, OCGA § 16-5-21. Following the denial of their motions for new trial, each man filed a notice of appeal. Because they were tried together and raise related issues on appeal, we consolidated their appeals for review. For the reasons which follow, we affirm.

1. The victim was beaten by a group of teenagers in the parking lot of a skating rink. Cox and Cooper contend that there was insufficient evidence identifying them as participating in the assault.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [the defendant]

no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870-871 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

At trial, two eyewitnesses positively identified Cox, Cooper and Chappell as having kicked the victim repeatedly. Furthermore, both Cox and Cooper admitted their involvement. The night of the assault, after being advised of his rights to silence and to counsel and in the presence of his parents, Cooper made a statement to a uniformed officer in which he admitted being present at the altercation and admitted striking the victim. The day after the assault, after being advised of his rights and in the presence of his mother, Cox made a statement to the same officer in which he admitted being present at the altercation and admitted kicking the victim. The evidence, including the evidence of the assailants' identity, was sufficient to support the verdicts. *Peek v. State*, 234 Ga. App. 731-732 (1) (507 SE2d 553) (1998).

2. Cooper contends that he was denied due process, particularly his right to counsel, in being required to appeal the juvenile court's decision to transfer the case to the superior court within 30 days of the transfer order. See OCGA §§ 5-6-38; 15-11-39; *J. T. M. v. State of Ga.*, 142 Ga. App. 635, 636-637 (1) (236 SE2d 764) (1977). The record does not support Cooper's contention that the transfer to the superior court and the appointment of different counsel for trial in that court caused him to be unrepresented and unable to pursue an appeal of the transfer order. The juvenile court transcript shows that Cooper was advised of his right to appeal the transfer order and that he was represented by counsel at the time. Because Cooper failed to appeal the transfer to superior court within 30 days, he waived appellate review of this issue. *Rivers v. State*, 229 Ga. App. 12, 13 (1) (493 SE2d 2) (1997).

3. Chappell contends that his trial counsel rendered ineffective assistance by not calling him to testify at the pretrial hearing regarding the voluntariness of his inculpatory statement.

In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), [Chappell] must show both that counsel's performance was deficient and that the deficient perfor-

mance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable.

(Citations and punctuation omitted.) *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). "The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Citation and punctuation omitted.) *Binion v. State*, 222 Ga. App. 333, 334 (1) (474 SE2d 208) (1996).

In this case, Chappell claims that if given the opportunity he would have testified that he was coerced into making two false statements: that he kicked the victim approximately thirty times and that a fourth person, Eric O'Conner, did not participate in the assault. Chappell concedes that absent the coercion he still would have admitted kicking the victim but could not have specified how many times. His trial counsel testified at the hearing on the admissibility of Chappell's statement that he advised Chappell about the advantages and disadvantages of testifying and that Chappell alone made the decision not to testify. The trial court found no reasonable probability that the outcome of the proceedings would have been different absent the alleged deficiency of counsel's performance. We agree. Even if Chappell had received ineffective assistance of counsel, to obtain a new trial he had the burden of showing that "the deficient performance prejudiced the defense by creating a reasonable probability of a different outcome but for counsel's errors." *Rucker v. State*, 268 Ga. 406, 407 (2) (489 SE2d 844) (1997). First, two eyewitnesses positively identified Chappell as having been fully involved in kicking the victim; Chappell's statement was cumulative as to his participation. Furthermore, the fact that the jury convicted Cox, Cooper, and Chappell of the same crime — aggravated assault — demonstrates that it was not influenced by whether a defendant admitted kicking the victim 30 times or only hitting him once. Under the circumstances presented here, we conclude that Chappell failed to carry his burden of showing a reasonable probability that he would have been acquitted but for his counsel's failure, through Chappell's testimony, to persuade the trial court that his statement had been coerced. *Robinson v. State*, 231 Ga. App. 368, 371 (6) (498 SE2d 579) (1998).

We further find that Chappell failed to show that he was prejudiced by his trial counsel's performance with regard to sentencing. Chappell testified at his sentencing hearing that he did not know how many times he had kicked the victim and testified that the officer coerced him into stating that he kicked the victim 30 times.

But the trial court specifically found that the number of times Chappell kicked the victim was irrelevant to the appropriate punishment. Because the trial court did not rest on the challenged evidence, no injustice has been shown. *Jackson v. State*, 238 Ga. App. 559, 560 (1) (a) (520 SE2d 11) (1999).

4. Cox contends that the trial court erred in refusing to sever his trial from that of co-defendants Cooper and Chappell. Before trial, Cox expected the evidence to show that he kicked the victim once in the leg and then "broke away" from the assault and that other assailants then kicked the victim another 30 times in the head. On appeal, Cox contends that the trial court abused its discretion in denying his motion to sever because the extensive medical evidence regarding the victim's head injuries was likely to confuse the jury since Cox did not cause those injuries, citing *Crawford v. State*, 148 Ga. App. 523 (251 SE2d 602) (1978).

> To be entitled to a severance, the appellant must have made a clear showing of prejudice resulting from joinder of these trials amounting to denial of due process, rather than the mere possibility that a separate trial would improve appellant's chance of acquittal.

*Autry v. State*, 230 Ga. App. 773, 775 (3) (498 SE2d 304) (1998).

Viewed in the light most favorable to support the verdict, the evidence shows that Cox participated in the group attack on the victim. Therefore, he is criminally responsible for the injuries inflicted by all parties to the crime even if he personally delivered only one blow. *Moore v. State*, 216 Ga. App. 450-451 (1) (454 SE2d 638) (1995); *Johnson v. State*, 188 Ga. App. 411, 412 (2) (373 SE2d 93) (1988); see OCGA § 16-2-20. We find it unlikely that the jury was confused by the medical evidence of the severity of the victim's injuries. There was no abuse of discretion in joining the trials.

5. Both Cox and Cooper contend that the trial court erred in denying their motion to sever their trials from that of co-defendant Chappell pursuant to the holding in *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), that "the right of confrontation is violated when several co-defendants are all tried jointly, one defendant's confession is used to implicate another defendant in the crime, and the confessor does not take the stand." (Punctuation omitted.) *Montijo v. State*, 238 Ga. App. 696, 701 (3) (b) (520 SE2d 24) (1999). Cox and Cooper moved for severance when the investigating officer testified that co-defendant Chappell told him, inter alia, "that he knows now what everyone meant about you only get in trouble with your so-called friends." We find that the trial court correctly concluded that Chappell's statement did not clearly inculpate Cox and

Cooper because it did not identify them either by name or by description and did not attribute any specific acts to them. *Owen v. State,* 266 Ga. 312, 314 (4) (467 SE2d 325) (1996). Because the challenged statement was not clearly inculpatory of Cox or Cooper, the trial court did not abuse its discretion in denying their *Bruton* motion. *Todd v. State,* 143 Ga. App. 619, 620 (2) (239 SE2d 188) (1977).

6. Chappell argues that his trial should have been severed from that of Cox and Cooper under a *Bruton*-type analysis. Chappell contends that he was harmed by the admission of Cox's and Cooper's statements which admitted minimal involvement in the beating thereby implying that Chappell, who had admitted kicking the victim 30 times, was responsible for the majority of the victim's injuries. We find no prejudice in the joint trial where, despite Chappell's greater degree of admitted culpability, the jury convicted him of the same crime as those with minimal admitted culpability — one count of aggravated assault. *Lewis v. State,* 147 Ga. App. 794, 796 (3) (250 SE2d 522) (1978).

7. Cox, Cooper and Chappell contend that the trial court erred in not granting a new trial based on the State's failure to produce exculpatory evidence as required by *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). At trial, an eyewitness testified that he had seen about seven young men kicking the victim. The investigating officer later testified that just after the incident, that witness initially stated that he saw four or five males kicking the victim. OCGA § 17-16-7 requires the prosecution to "produce for the opposing party any statement of any witness that is in the possession, custody, or control of the state or prosecution . . . that relates to the subject matter concerning the testimony of the witness. . . ." In this case, the witness's initial statement was never committed to writing. Because there can be no "possession, custody, or control" of an oral statement, the State has no obligation to produce a statement which has been neither recorded nor committed to writing. *Forehand v. State,* 267 Ga. 254, 255-256 (3) (477 SE2d 560) (1996); see OCGA § 17-16-1. The trial court did not err in concluding that the State committed no discovery violation. *Baldwin v. State,* 232 Ga. App. 335, 336 (1) (501 SE2d 548) (1998).

8. Cooper contends that the State violated its duties under the reciprocal discovery statute, OCGA § 17-6-1 et seq., by failing to provide him with the transcript of the juvenile proceedings which preceded the transfer to the superior court. Cooper did not raise the issue of whether the State had violated its discovery obligations at trial, nor did he raise the issue in his motion for new trial.

When the state fails to comply with any of the discovery provisions, OCGA § 17-16-6 provides remedies, which include

the grant of a continuance and the exclusion of evidence. The record reveals that [Cooper] did not raise the state's noncompliance at trial. Therefore, [he] did not give the trial court the opportunity to exercise its discretion in formulating an appropriate remedy and cannot complain for the first time on appeal.

*White v. State*, 271 Ga. 130, 131 (3) (518 SE2d 113) (1999).

9. Cox and Cooper both contend that the admission of evidence that they had been using marijuana just before the assault improperly introduced the issue of their character. Evidence as to whether a defendant was under the influence of alcohol or drugs at the time a crime was committed is deemed part of the res gestae and is admissible as such even though it may incidentally place the defendant's character in evidence. *Ramsey v. State*, 233 Ga. App. 810, 812 (2) (505 SE2d 779) (1998). "Moreover, it is highly probable that this evidence did not contribute to the verdict in light of the overwhelming evidence of [Cox's and Cooper's] guilt." Id.

10. Cooper complains that he was not allowed to cross-examine a witness. The witness, Harvey Welch, was sworn in and answered ten preliminary questions before indicating that he wanted to assert his constitutional right not to incriminate himself. The trial court suspended his appearance to allow him to consult with his lawyer before answering any other questions. The State opted not to call the witness to complete his testimony. Although Cooper never had the opportunity to cross-examine the witness, he never moved that the testimony be stricken. See *Robinson v. State*, 216 Ga. App. 816 (456 SE2d 68) (1995). Because Cooper never objected during trial to the witness's testimony, he waived any objection and failed to preserve the issue for appeal. *Anthony v. State*, 236 Ga. App. 257, 258 (1) (511 SE2d 612) (1999).

11. Cox contends that he was entitled to a new trial because co-defendant Chappell's counsel stated in his closing argument, "we all agree that these three boys did something stupid." "The burden is on the party alleging error to show it affirmatively by the record, and when he does not do so, the judgment is assumed to be correct and must be affirmed." (Citation and punctuation omitted.) *Hayes v. State*, 236 Ga. App. 617, 618 (1) (512 SE2d 294) (1999). In this case, the closing argument was not transcribed, and Cox did not supplement the record with a stipulation pursuant to OCGA § 5-6-41 (g); therefore, the enumeration dealing with improper closing argument by co-defendant's counsel is deemed abandoned. *Ledesma v. State*, 251 Ga. 487, 490 (8) (306 SE2d 629) (1983).

*Judgments affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 28, 2000 —
RECONSIDERATION DENIED FEBRUARY 11, 2000 —

*Lee Sexton*, for appellant (case no. A99A2374).
*George C. Creal, Jr.*, for appellant (case no. A99A2375).
*Furlong & Franco, Leonard L. Franco*, for appellant (case no. A00A0173).
*Robert E. Keller, District Attorney, Jay M. Jackson, Assistant District Attorney*, for appellee.