2002 ME 40

**STATE of Maine**

v.

**Chamroeun PHENG.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 11, 2002.
Decided: March 14, 2002.

---

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

Mary Davis, Esq., Tisdale & Davis, P.A., Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Chamroeun Pheng appeals from a judgment of the Superior Court (Cumberland County, *Fritzsche, J.*) following a jury verdict of guilty on the charge of aggravated assault, Class B, 17-A M.R.S.A. § 208(1)(A) (1983).[1] Pheng contends that the court erred in giving the jury an accomplice liability instruction and that there was insufficient evidence to support the verdict. Because the accomplice liability instruction was proper and the evidence is sufficient, we affirm.

## I. CASE HISTORY

[¶ 2] The victim in this case, a senior at Portland High School, was severely beaten by a group of youths. When the Portland police found him on the evening of September 5, 2000, the victim was bleeding and unconscious. He was transported to a hospital by ambulance, where he remained for several days. Because of his injuries, the victim missed the first quarter of his senior year in high school and could not eat solid food for several months. Thus, there was no question at trial that an aggravated assault causing serious bodily injury had been committed upon the victim. The issue for trial was the extent of Chamroeun Pheng's involvement. That issue was significantly disputed.

[¶ 3] Based on the evidence construed most favorably to the jury's verdict, *see State v. Crossman*, 2002 ME 28, ¶ 10, 790 A.2d 603, the jury could have reasonably found the following:

[¶ 4] While bicycling home on the evening of September 5, 2000, the victim came upon a group of people partying near a gazebo adjacent to Front Street in Portland. There he recognized several high school acquaintances, including Pheng, whom he had known for several years. While speaking with Pheng and several others, the victim was hit from behind by a hard object wielded by someone other than

---

1. "A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes ... [s]erious bodily injury to another ...." 17-A M.R.S.A. § 208(1)(A). "Serious bodily injury" is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or loss or substantial impairment of the function of any bodily member or organ, or extended convalescence necessary for recovery of physical health." 17-A M.R.S.A. § 2(23) (1983).

Pheng. The victim then fell to the ground and several people began kicking him. The victim saw and felt Pheng kick him in the face and chest. Another witness testified that Pheng had indicated that he was angry with the victim because of something the victim had said to Pheng's brother.

[¶ 5] Over Pheng's objection, the court instructed the jury on an accomplice liability theory. The jury returned a verdict of guilty. Following the imposition of a sentence of seven years to the Department of Corrections with all but four years suspended and a period of probation of three years, plus a restitution order, Pheng brought this appeal.[2]

## II.  DISCUSSION

■ [¶ 6] A person may be guilty of a crime as a principal if, with the requisite mental state, the person engages in the physical acts which constitute the crime. 17–A M.R.S.A. §§ 32, 34 (1983 & Supp. 2001). To convict a person of aggravated assault as a principal, the State must prove, beyond a reasonable doubt, that the person intentionally, knowingly or recklessly caused serious bodily injury to another person. 17–A M.R.S.A. § 208(1)(A). Where a group of individuals attacks a person and, as a result of the kicks and blows struck in their collective attack, the victim sustains serious bodily injuries, then each of those persons who actually participated in the physical attacks which collectively caused the serious bodily injury may be guilty of aggravated assault. *See Cox v. State*, 242 Ga.App. 334, 528 S.E.2d 871, 875 (2000) (participant in group attack "criminally responsible for the injuries inflicted by all parties to the crime even if he personally delivered only one blow"); *State v. Thomas*, 210 Neb. 298, 314 N.W.2d 15,

18 (1981) (holding defendant responsible for victim's injuries because defendant participated in the group beating of the victim).

■ [¶ 7] To sustain an aggravated assault conviction, a particular individual among the group of attackers need not be identified as the one who struck the blows that were the particular cause of the victim's serious bodily injury. Because Pheng was identified as one of the attackers, kicking the victim in the chest and the face, and because the victim indisputably sustained serious bodily injuries from the attack, there is sufficient evidence to support finding Pheng guilty of aggravated assault as a principal.

■ [¶ 8] The defense contends that the instruction on the accomplice liability alternative should not have been given, as the evidence, which Pheng contested, supported only his liability as a principal. A person may be guilty of a crime as an accomplice if, with the intent that the crime be committed, the person aids, or agrees to aid, or attempts to aid another in the planning or commission of the crime. 17–A M.R.S.A. § 57(3)(A) (1983); *Maine Jury Instruction Manual* § 6–31 (4th ed.2001).

■ [¶ 9] Although mere presence at the scene when a crime is committed is not sufficient to establish accomplice liability, once presence is proven, accomplice liability may attach upon the State's proof of any conduct promoting or facilitating, however slightly, the commission of the crime. *State v. Kaler*, 1997 ME 62, ¶ 7, 691 A.2d 1226, 1229; *State v. Libby*, 435 A.2d 1075, 1077 (Me.1981). Accomplice liability may attach if a person, intending that a crime be committed, aids by actively furnishing

2. Leave to appeal sentence was denied on November 8, 2001. *State v. Pheng*, No. SRP– 01–56 (Me.Sent.Rev.Panel, Nov. 8, 2001).

advice and encouragement. *See State v. Flint H.*, 544 A.2d 739, 742 (Me.1988). An overt act of assistance or actual physical participation in the commission of the crime is not required. *Id.*

[¶ 10] The court correctly instructed the jury that mere presence at the scene of a crime is not sufficient for accomplice liability to attach. In this case, the jury could have determined that the principal attacker was the unknown individual who began the attack by striking the victim in the back with a hard object and knocking him to the ground. The jury could have concluded that Pheng then joined and supported this attack, with Pheng's kicks to the victim's chest and face being indicative of Pheng's intent that the collective result of the attack upon the victim, initiated by another, be serious bodily injury, thus constituting aggravated assault. With this view of the evidence, the court's accomplice liability instruction was proper.

The entry is:

Judgment affirmed.